USDC SCAN INDEX SHEET

















AXC    3/12/01    13:48
3:01-CV-00208   GRIZZELL V. HOMESIDE LENDING
*4*
*O.*

FILED

01 MAR -9 PM 3: 56

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LADELL GRIZZELL,<br><br>                                    Plaintiff,<br><br>vs.<br><br>HOMESIDE LENDING,<br><br>                                    Defendant. | CASE NO. 01-CV-208-K (POR)<br><br>ORDER (1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE; AND (3) DENYING AS MOOT PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

Plaintiff Ladell Grizzel filed a complaint against Defendant Homeside Lending on February 2, 2001, alleging that Defendant evicted her in violation of a court order. (See Compl. at 1). Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C.§ 1915(a)(1), as well as a request for appointment of counsel 42 U.S.C. § 2000e-5(f)(1)(A).

## I.      Discussion

### A.      IFP Status under 28 U.S.C. § 1915(a)

A court may authorize the commencement of a suit without prepayment of fees if the Plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay the fees. See 28 U.S.C. § 1915(a). However, an IFP action is subject to dismissal if the court determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against a defendant who is immune from liability for such damages. See id. at § 1915(e)(2). In this Circuit, when a Plaintiff seeks leave to proceed IFP, the

- 1 -

01-CV-208-K (POR)

1    district court first "grants or denies IFP status based on Plaintiff's financial resources alone and then

2    independently determines whether to dismiss the complaint on the grounds that it is frivolous."

3    Franklin v. Murphy, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

4         Plaintiff has submitted an affidavit in support of her IFP application and information in support

5    of her request for appointment of counsel.  Plaintiff alleges that she does not own an automobile, does

6    not have a checking account, does not own real estate, is self-employed but earning no income, and

7    earned a total of $300 dollars during her last employment which ended in October of 2000.  See Mot.

8    to proceed IFP at 2.

9         Accordingly, the court **GRANTS** Plaintiff's request to proceed IFP.

10

11   **B.    Merits of Complaint Under 28 U.S.C. § 1915(e)**

12        Title 28 U.S.C. § 1915(e)(2) applies to proceedings filed IFP and requires sua sponte dismissal

13   of civil actions if the complaint is frivolous, malicious, fails to state a claim upon which relief may be

14   granted, or seeks monetary relief from a Defendant who is immune from such relief.  In the present

15   case, Plaintiff's complaint is subject to dismissal for failure to state a cognizable claim or allege

16   comprehensible facts.  Plaintiff's complaint is also subject to dismissal for being frivolous.  See

17   Jackson v. State of Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (noting that a complaint is "frivolous

18   within the meaning of section 1915 only if it lacks an arguable basis in law or fact.").

19        Plaintiff's complaint consists of one sentence: "Homeside Lending evicted me from [address]

20   when there was a court order for them not to evict me." See Compl. at 1.  The complaint does not

21   explain any of the underlying facts in this case; nor does the complaint make a request for relief.

22   Additionally, the complaint nowhere addresses the reason why this court has jurisdiction over this

23   matter.

24        Accordingly, Plaintiff's complaint is hereby **DISMISSED** under section 1915(e)(2) because

25   it fails to state a cognizable claim.  This court has no basis for subject matter jurisdiction over this

26   complaint.

27

28

- 2 -

1   **C.    Appointment of Counsel**

2        Because the court is dismissing Plaintiff's complaint, the court **DENIES AS MOOT** Plaintiff's

3   request for appointment of counsel.

4

5   **II.    Conclusion**

6        For the foregoing reasons, the court **GRANTS** Plaintiff's motion to proceed IFP.  The court

7   **DISMISSES** her complaint **WITHOUT PREJUDICE** for failing to state a cognizable claim.   The

8   court **DENIES AS MOOT** Plaintiff's request for appointment of counsel.

9        IF PLAINTIFF CHOOSES TO PROCEED WITH THIS ACTION, SHE MUST, WITHIN

10  FORTY-FIVE (45) DAYS FROM THE DAY THIS ORDER IS STAMPED "FILED", FILE AN

11  AMENDED COMPLAINT WHICH ADDRESSES THE DEFICIENCIES OF PLEADING SET

12  FORTH IN THIS ORDER. The Amended Complaint must be complete in itself. See S. D. CAL. CIV.

13  LR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be

14  deemed to have been waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

15        Additionally, Plaintiff is hereby informed of the requirements of FED. R. CIV. P. 8.  Under Rule

16  8(a) of the Federal Rules of Civil Procedure, a complaint "shall contain (1) a short and plain statement

17  of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the

18  claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the

19  pleader seeks." FED. R. CIV. P. 8(a).  Similarly, Rule 8(e) requires that "each averment of a pleading

20  shall be simple, concise and direct." Rule 8 is designed to provide defendants with fair notice of the

21  claims against them and the grounds on which those claims rest. McKeever v. Block, 932 F.2d 795,

22  798 (9th Cir. 1991); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND

23  PROCEDURE § 1202 (2d ed. 1990).

24  ///

25  ///

26  ///

27  ///

28

1  ///

2  ///

3  ///

4

5  In her Amended Complaint, Plaintiff should identify, in a short and plain manner, exactly who she

6  contends is responsible for the violations of her rights, what injuries she suffered as a result, and what

7  relief she seeks.  Additionally, Plaintiff's complaint must establish that this court has subject matter

8  jurisdiction over the matters alleged.  Plaintiff is hereby WARNED that should her amended complaint

9  fail to cure the deficiencies noted above, it will be **dismissed with prejudice**.

10

11

12  **IT IS SO ORDERED.**

13

14

15  8/09/01

     **Date**

16                                                             **Judge Judith N. Keep**
                                                               **United States District Court**
                                                               **Southern District of California**

17

18  CC:     ALL COUNSEL
            MAGISTRATE JUDGE LOUISA S. PORTER

19

20

21

22

23

24

25

26

27

28